UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
AL GERNON RENEAU,

                      Petitioner,                          ORDER

       -v-                                       07 cv 07567 (GBD)

UNITED STATES,

                      Respondent.
------------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

      On July 2, 2007, the Court's *Pro Se* Office received petitioner's motion entitled "Motion For Relief of Void Judgment Pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure or Upon the Court's Own Motion" ("petitioner's motion"). Petitioner's motion sought to vacate, set aside, or correct a sentence of sixty months followed by supervised release for a term of five years imposed by the Court under docket number 03-CR-01254-2 (GBD). According to the Court's records, petitioner was sentenced on September 24, 2004. It does not appear that petitioner appealed his conviction to the United States Court of Appeals for the Second Circuit. Petitioner's motion was received by the Court's *Pro Se* Office approximately two years and nine months from the date his conviction became final.

      On August 27, 2007, Chief Judge Kimba Wood issued an Order directing that petitioner show cause by affirmation, within sixty days from the date of her Order, why the statute of limitations should not bar petitioner's motion under 28 U.S.C. § 2255, the proper jurisdictional basis to collaterally attack petitioner's sentence. The Order warned that if petitioner failed to comply with the Order within the time allowed, petitioner's motion would be dismissed as time-barred. Petitioner failed to submit an affirmation within sixty days of Chief Judge Wood's

August 27, 2007 order. Therefore, petitioner's motion is dismissed as time-barred.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Jackson v. Albany Appeal Bureau Unit, 442 F.3d 51, 53 (2d Cir. 2006). As petitioner has not made such a showing, a certificate of appealability will not issue. Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

Dated: New York, New York
November 7, 2007

SO ORDERED:

*[signature]*

GEORGE B. DANIELS
United States District Judge